IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES JORDANOFF, IV, )
 )
 Plaintiff, )
 )
 ) No. CIV-15-578-R
v. )
 )
SHERIFF LESTER, et al., )
 )
 Defendants. )

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner or pretrial detainee appearing *pro se*, has filed this cause of action seeking relief under 42 U.S.C. § 1983 for alleged constitutional deprivations. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Along with his Complaint and Amended Complaint, Plaintiff has filed a motion to proceed *in forma pauperis* and supporting affidavit in conformance with 28 U.S.C. § 1915(a). Having reviewed Plaintiff's Motion (Doc. # 2) and the certified statement of his institutional account (Doc. # 9), the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his Motion is GRANTED.

Plaintiff is advised that he shall make monthly payments of 20 percent of the preceding month's income credited to his prison/jail account(s) until he has paid the total

filing fee of $350.00. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. Id. Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied. The Clerk shall send a copy of this Order to the agency having custody of Plaintiff.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the Amended Complaint. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the

Amended Complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2) has been conducted. Based on this review, the undersigned recommends dismissal of the cause of action.

II. Statute of Limitations

In count one of his Amended Complaint, Plaintiff states that he is re-asserting the same claims he raised in a previous action filed in this Court against Defendant Lester in his official capacity. In count one, Plaintiff asserts "[t]his claim [and] count stems from the now dismissed 2009 lawsuit brought against Clevland [sic] county jail [and] the sheriff; CIV-11-665-R." Complaint, at "(1)" (ECF page number 5). Plaintiff does not include specific factual assertions in count one but merely refers to "relvent [sic] factors [and] evidence not limited to pictures taken by police officer Jermey Theftford [sic] of alleged scene of crime

3

and names of officers involved, places [and] dates [that] have already preveously [sic] been stated and tendered to the U.S. District Court as explained in the previous filing. . . ." Id.

In count three of the Amended Complaint, Plaintiff alleges he was subjected to "medical neglect" during a period of detention at the Cleveland County Jail. Amended Complaint, at 4 (ECF page number 9). Plaintiff states that the factual circumstances for this claim are "more pronounced" in his pleadings filed in his previous action against the Cleveland County Jail and Defendant Lester. In count three, Plaintiff alleges in general language, without specific dates or information as to participants, that he was subjected to "abuse" in the Cleveland County Jail causing increased symptoms of mental illness, that he was "chained . . . to receiving day area to floor by ankle shackels [sic] for approx. six months," that he "contract[ed] hepatitus [sic] C virus from extream [sic] conditions of unsanitary living conditions," that he was denied prescribed medication, and that "officers appl[ied] excessive force by putting transporting device on plaintiff behind his back."

Plaintiff states that his claims asserted in the previous action "against Clevland [sic] County Jail [and] the sheriff; CIV-11-665-R" were dismissed for failure to state a claim upon which relief could be granted, but Plaintiff provides no other facts concerning the dismissal or grounds for the dismissal.

Taking judicial notice of the Court's own records, in Jordanoff v. Lester, Case No. CIV-11-665-R, Plaintiff filed a complaint on June 13, 2011, and an amended complaint on July 22, 2011. In his amended complaint, Plaintiff sued former Cleveland County Sheriff Lester in his official capacity and alleged that Defendant Lester was responsible for the acts

4

of his deputies. The allegations in the amended complaint concerned the conditions of Plaintiff's confinement and medical treatment in the Cleveland County Jail in 2008 and 2009.

The action was referred to United States Magistrate Judge Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Bacharach entered a report and recommendation on September 29, 2011, finding that none of the incidents alleged in the amended complaint would support county liability under 42 U.S.C. § 1983 and recommending that the cause of action be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a viable claim for relief against Defendant Lester in his official capacity.

United States District Judge Russell entered an order on October 27, 2011, dismissing without prejudice all of Plaintiff's claims alleged in the amended complaint for failure to state a claim upon which relief could be granted but giving Plaintiff the opportunity to file an amended complaint. Plaintiff failed to file an amended complaint, and an order and judgment were entered on December 12, 2011, dismissing the action. Plaintiff did not appeal the Court's decision.

In this case, Plaintiff claims grounds one and three of the Amended Complaint concerning his medical treatment and the conditions of his confinement in the Cleveland County Jail are based on the same allegations asserted in his previous action. However, Plaintiff filed this action on May 27, 2015, nearly four years after his previous action was filed, and the Court should dismiss the claims because the statute of limitations governing these claims has expired.

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply state statutes of limitations for personal injury actions in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). For section 1983 actions arising in Oklahoma, Oklahoma's two-year statute of limitations for personal injury suits applies. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).

The limitations period begins to run when the cause of action accrues, and the accrual of an action is determined by federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir .1998). It is the factual basis of a claim, and not its legal basis, which determines when a civil rights action accrues. In other words, a civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995)(quotation omitted). Because the injury in a § 1983 action is the violation of a constitutional right, "such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (quotations omitted).

Plaintiff's claims in grounds one and three of the Amended Complaint alleging constitutional deprivations related to the conditions of his confinement and medical treatment at the Cleveland County Jail are based on actions that occurred in 2008 and 2009 or, at the latest, prior to the date on which Plaintiff filed his previous action on June 13, 2011.

Plaintiff has provided no evidence to support the application of Oklahoma's limited tolling exceptions. See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). As it is "clear from the face of the complaint that there are no meritorious tolling issues," the

6

action may be dismissed *sua sponte*. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). See Fratus, 49 F.3d at 674-675 (court may consider affirmative defenses *sua sponte* for purpose of dismissal under 28 U.S.C. § 1915 when defense is obvious from face of complaint).

More than two years have elapsed since the filing date of Plaintiff's previous action. Therefore, Plaintiff's claims against Defendant Lester in grounds one and three of the Amended Complaint related to the conditions of his confinement and medical treatment at the Cleveland County Jail are barred from judicial review by the expiration of the applicable statute of limitations.

III. Prosecutorial Immunity

Plaintiff has named Christy Miller as a Defendant in this action. Plaintiff states that Defendant Miller is a prosecutor. He alleges in the Amended Complaint that during state criminal proceedings that resulted in one or more convictions in 2010[1] she "corsed [sic] plaintiff into dropping lawsuit [and] also [coerced] plaintiff into excepting [sic] frivllous [sic] plea agreement." Amended Complaint, at 2 (ECF page number 3). Further, Plaintiff vaguely alleges that "off the record arrangements and plea agreements for which were retracted and then altered by the district attorney in concert with Plaintiff's public defence [sic] counsel; being Christy Miller, assistant district attorney [and] public defence [sic]

---

[1] The only reference in the entire Amended Complaint to a date is the allegation that Plaintiff "signed his Judgment and sentencing sheet in 2010." Amended Complaint, at "(1)" (ECF page number 7). It is assumed that his § 1983 claims against Defendant Miller relate to the conviction(s) entered against him in 2010.

7

counsel Christy Gundy." Amended Complaint, at "(2)" (ECF page number 6). Finally, Plaintiff alleges that his defense attorney "worked in concert with the assistant district attorney Christy Miller to [coerce] plaintiff into first signing waiver of ten day appeal and then plaintiff was denied a copy of his judgment [and] sentencing sheet." Amended Complaint, at "(1)" (ECF page number 7).

A prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. Burns v. Reed, 500 U.S. 478, 487 (1991); Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976). See Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted).

Plaintiff's allegations against Defendant Miller involve her prosecutorial actions during plea negotiations and in her role as an advocate for the State. With respect to these actions, Defendant Miller is entitled to absolute immunity, even if she acted "with an improper state of mind or improper motive." Medina v. Weber, 531 Fed. App'x. 902, 903 (10th Cir. 2013)(unpublished op.).

Consequently, the Court should dismiss Plaintiff's cause of action against Defendant Miller under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b) as she is immune from § 1983 liability.

IV. Challenges to Execution of Sentence

In count two of the Amended Complaint, Plaintiff alleges that after he was convicted and sentenced in 2010 he was transferred to the custody of the Oklahoma Department of Corrections ("ODOC") where he was "given a copy of his custody assessment packet" and "then realized that the two years credit for time served in jail awaittiing [sic] trial was not included in the assessment paperwork." Amended Complaint, at "(1)" (ECF page number 7). Plaintiff alleges that Mr. West, a unit manager at an ODOC facility, the Lexington Assessment and Reception Center, then provided him a "new copy" of his custody assessment packet which showed ODOC officials had again not provided Plaintiff with the proper amount of sentence credit for jail time.

Plaintiff alleges that he also learned by reviewing the "new copy" of his custody assessment paperwork that ODOC officials had assessed him with ten security points for an attempted escape charge although the charge had been dismissed in state court. Amended Complaint, at "(2)" (ECF page number 8). Plaintiff contends that this custody assessment has unlawfully extended his sentence because it hindered his ability to earn sentence credits and constitutes cruel and unusual punishment.

"[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241." Davis v. Roberts. 425 F.3d 830, 833 (10th Cir. 2005). See Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)( prisoner may use § 1983 to challenge conditions of his confinement, but habeas corpus is only avenue for challenge to fact or duration of confinement when it would result in prisoner's immediate or speedier release from that

confinement); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.")(quotation omitted).

Plaintiff's claim that his sentence(s) were not credited appropriately for time he spent in jail preceding his conviction(s) and his claim that prison officials have not properly calculated his earned credits are challenges to the execution of his sentence. Thus, these claims can only be brought in a habeas petition under 28 U.S.C. § 2241.

Taking judicial notice of the Court's own records, Plaintiff previously sought habeas relief under 28 U.S.C. § 2241 in this Court with respect to his claim that ODOC officials improperly assessed him with security points for a dismissed attempted escape charge. In that case, Jordanoff v. Jones, Case No. CIV-14-493-F, United States District Judge Friot referred the action to United States Magistrate Judge Mitchell for findings and a recommendation. Judge Mitchell entered a report and recommendation on October 7, 2014, finding that with statutory tolling the statute of limitations concerning this claim expired on April 8, 2014, and Plaintiff was not entitled to equitable tolling. Judge Mitchell recommended that the action be dismissed as untimely. In an order and judgment entered November 12, 2014, Judge Friot agreed and dismissed the petition as untimely. Plaintiff did not appeal this decision.

Throughout his Amended Complaint, Plaintiff asserts that mental illness prevented the timely filing of his claims. However, Plaintiff has not presented evidence to support this conclusory assertion, and there is no reason to revisit the issues of timeliness with respect to the same claim urged by Plaintiff herein. Therefore, the Court should dismiss as untimely Plaintiff's claim that ODOC's custody assessment unlawfully extended his sentence because it hindered his ability to earn sentence credits.

Moreover, Plaintiff states in his Complaint and Amended Complaint that he is being detained in the Cleveland County Jail, apparently on new charges. If Plaintiff is no longer in custody with respect to the Cleveland County sentence(s), he cannot obtain federal court jurisdiction to review his claims challenging the execution of those expired sentences. See 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 499. 491 (1989)(habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed").

V. Remaining Claims

Any remaining claims asserted in the Amended Complaint are too vague to support a plausible claim under 42 U.S.C. § 1983 and should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief could be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims against Defendants Lester and Miller under 42 U.S.C. § 1983 be DISMISSED upon filing pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief could be granted and on the grounds of immunity. With respect to Plaintiff's claims seeking to challenge the execution of his sentence(s), it is recommended that these claims be DISMISSED on the ground that the claims are not timely and that the Court lacks jurisdiction to consider these claims.

It is further recommended that the dismissal of this 42 U.S.C. § 1983 cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____July 8th_____, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.

1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___18th___ day of ___June___, 2015.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE