## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES JORDANOFF, IV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:15-cv-00578-R** |
| | ) | |
| **SHERIFF LESTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action alleging violation of his civil rights and seeking relief under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 18, 2015, Judge Purcell issued a combined Order and Report and Recommendation granting Plaintiff's request for leave to proceed without prepayment of fees but recommending that the Amended Complaint be dismissed upon screening pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. The Court has conducted this *de novo* review and finds as follows.

Judge Purcell recommended dismissal of Plaintiff's claims in Grounds One and Three of the Amended Complaint as barred by the statute of limitations. Judge Purcell noted that Plaintiff has not asserted facts in support of such claims, but rather has referred to prior

litigation dismissed by this Court in December 2011 that Plaintiff is attempting to reassert.[1]

Although the Court disagrees with Magistrate Judge Purcell regarding Plaintiff's need to present evidence regarding tolling at this juncture, Plaintiff does not argue that his mental health status presents a basis for equitable tolling, arguing instead that the "cruel and unusual punishment violations against plaintiff . . . trump any statute of limitations that may be when these actions taken [outweigh] any other excuses the Cleveland County Administration for both agencies Lexington A&R [and] Cleveland County Jail, may have for cause of action against plaintiff." Objection, p. 3. As such, the Court need not decide whether Oklahoma would permit such tolling under the facts of this case. *See Hines v. Oklahoma*, 2007 WL 3046458, *4 (W.D.Okla. Oct. 17, 2007)(Oklahoma does not equate mental illness with legal disability for tolling purposes under Okla. Stat. tit. 12 § 96)(citing *Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). Additionally, Plaintiff has not made allegations in either the Amended Complaint or the objection to the Report and Recommendation that his mental illness was the reason he could not timely seek judicial relief for the alleged violation of his civil rights.[2] As such, the Court hereby adopts Judge Purcell's conclusion that Plaintiff's

---

[1] Plaintiff states in his objection to the Report and Recommendation that he has limited access to legal resources and therefore he has referred the Court to his prior allegations. The fact that Plaintiff referred to his prior case is not the issue, rather it is the fact that more than three years have passed since dismissal of that action, making it apparent that any claim based on the allegations therein is barred by the statute of limitations, unless Plaintiff is somehow entitled to tolling or suspension of that period. Judge Purcell concluded he was not so entitled.

[2] Plaintiff also alleges that he was diagnosed with hepatitis in 2011, allegedly caused by being chained too close to raw sewage during his detention in Cleveland County, which was the basis for Case No. CIV- 11-665-R, his § 1983 claim stemming from the diagnosis would be barred because federal law governs the accrual of an action. Such claims accrue not when Plaintiff learns of an injury, but rather when Plaintiff
(continued...)

claims against Defendant Lester in grounds one and three of the Amended Complaint are clearly untimely and therefore subject to dismissal.

With regard to Defendant Miller, an assistant district attorney for Cleveland County, Judge Purcell recommended dismissal because she is immune from liability under § 1983. Plaintiff does not challenge this determination that Ground Two be dismissed. Accordingly, the Report and Recommendation is adopted with regard to this recommendation.

Finally, Judge Purcell concluded that to the extent Plaintiff seeks to challenge execution of his sentence pursuant to 28 U.S.C. § 2241 that he has previously filed a separate action which was dismissed as untimely. *See* Case No. CIV-14-493-F. Plaintiff is not entitled to file a new challenge to the execution of his sentence and even if he were so entitled, the claim would be time barred.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the Complaint is hereby DISMISSED.

IT IS SO ORDERED this 21st day of July, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
knew or should have known that is constitutional rights were violated. Report and Recommendation, p. 6. Thus, the delayed diagnosis would not affect accrual of his claims.